US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 21 2016

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA G. DAVIS                                                     PLAINTIFF

VS.                          NO. 16-5335

UNUM LIFE INSURANCE COMPANY
OF AMERICA; and JACK HENRY &
ASSOCIATES, INC.                                                   DEFENDANTS

## COMPLAINT

Plaintiff, Angela G. Davis, by and through her undersigned attorneys, Lacy Law Firm, and for her Complaint against Defendants, Unum Life Insurance Company of America and Jack Henry & Associates, Inc., states:

### JURISDICTION AND VENUE

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorneys' fees as provided by ERISA.

2. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is

1

found in this district.

## PARTIES

4. Plaintiff Angela G. Davis is an individual residing in Washington County, Arkansas.

5. Defendant Unum Life Insurance Company of America ("Unum") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant Unum served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, Unum made the determination to approve or disapprove disability claims made by participants of the Plan. Unum ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). Unum's registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

6. Defendant Jack Henry & Associates, Inc. ("Jack Henry") is an foreign corporation with its principal place of business in a state other than Arkansas. Jack Henry is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). Jack Henry is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Jack Henry is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). Jack Henry's registered agent for service of legal process is National Registered Agents, Inc. AR, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

### COUNT I: CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7. Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set

forth herein.

8. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9. Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which she has made a claim for benefits that was denied was renewed after March 1, 2013.

10. As a participant, Plaintiff was entitled to short term and long term disability benefits.

11. Plaintiff is disabled as a result of Sill's disease, rheumatoid arthritis, osteoarthritis, fever, chronic pain, migraines, and insulin dependent diabetes.

12. Defendants initially approved Plaintiff's claim for short-term disability benefits only to later deny her claim based upon the same available medical information. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

## COUNT TWO: ATTORNEYS' FEES

15. Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16. Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1) Award Plaintiff all past and future disability benefits to which she is entitled and interest as it has accrued since date of original entitlement;

(2) Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3) Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-277-1144

_____
Brandon W. Lacy, #03098